## 51761. ALLEN v. THE STATE.

Pannell, Presiding Judge.

The defendant was indicted and tried for motor vehicle theft. The jury returned a verdict of guilty, and the court sentenced him to twenty years. This appeal is from the judgment of conviction and sentence.

The evidence shows that during the evening of March 28, 1975, a yellow and black Grand Prix Pontiac was stolen from Quality Motors in Augusta. A witness for the state testified that he saw the defendant at the Quality Motors lot on the evening in question. He said that the defendant was sitting in a yellow Pontiac with the motor running.

On March 29, 1975, appellant drove to the home of Diane Baker in a yellow and black Grand Prix. Appellant

again visited Ms. Baker on March 30, 1975, in the same car. Ms. Baker got in the car with appellant to go to a store; while en route, they were stopped by police. Appellant told the police that the car belonged to a friend "up on the hill."

Appellant testified that the car belonged to Johnny Walker, who lived on the hill. He said that he had never been to Quality Motors and had never removed a yellow Pontiac from the lot. *Held:*

1. Appellant urges error in the court's admitting into evidence the serial number of the allegedly stolen vehicle. He argues that the serial number was not set forth in the indictment and therefore was irrelevant to any issues in the case. This argument is without merit. "'Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant.'" *Garner v. State,* 83 Ga. App. 178, 185 (63 SE2d 225).

2. The district attorney asked a witness if he compared the serial number of the car to the serial number on the certificate. The witness responded, "Yes." Defense counsel objected to this testimony on the basis that the highest and best evidence would be the certificate of title. The trial court correctly overruled this objection. This testimony did not introduce any evidence of the contents of a writing. The "best evidence rule" was not applicable.

3. The state asked a police officer for the year, make, model, and I. D. number of the automobile involved. The witness responded, "I have my report. It was a 1972 . . ." Defense counsel objected to this testimony on the grounds that it was hearsay. This objection was overruled. The witness then gave the I.D. number of the car. On cross examination, defense counsel asked the officer how he knew the I. D. number. The officer testified that Mr. Spray (the assistant manager of Quality Motors) had given it to him. Defense counsel moved to strike the testimony regarding the I. D. number as hearsay. The court again overruled the objection.

Assuming, but not deciding, that the court erred in admitting the evidence of the I. D. number into evidence, it was harmless. Mr. Spray had already testified as to the

I. D. number of the allegedly stolen vehicle and had also provided a complete description of the automobile. Mr. Spray's testimony was the same as that given by the police officer.

4. During their investigation, the police officers were given a description of a suspect by Willie Huff. Defense counsel objected to the introduction of this description into evidence on the grounds that it was hearsay. The trial court overruled the objection.

During the course of the trial, Willie Huff took the stand and identified the defendant as the man whom he had seen on the Quality Motors lot on the night in question. Accordingly, even if it was error to admit Huff's description of the suspect into evidence, it was rendered harmless by Huff's identification of the defendant at trial.

5. The district attorney asked Ms. Baker what the defendant was driving when he came to her house. She responded, "A Grand Prix." Defense counsel objected to the state's question as leading. The trial judge overruled the objection. Even if error, it was certainly harmless.

6. Appellant contends that the trial court erred in allowing the state to cross examine its own witness, Ms. Baker, because of entrapment. Prior to trial, Ms. Baker told the state that appellant had said the vehicle was his. She testified at trial that the defendant had not told her to whom the car belonged. The district attorney stated in his place that he was entrapped and that the witness had made one statement to him prior to trial and was testifying to something different on the stand. "[A]ttorneys are officers of the court and a statement by an attorney to the court *in his place* is prima facie true and needs no further verification unless the same is required by the court or the opposing party." *Whitehead v. State,* 96 Ga. App. 382, 384 (100 SE2d 139).

We hold that there was a sufficient showing to authorize the trial court to permit the state to cross examine this witness as a hostile witness. See Code § 38-1801; *Wisdom v. State,* 234 Ga. 650, 654 (217 SE2d 244).

7. The remaining enumerations of error are without merit.

*Judgment affirmed. Evans and Marshall, JJ.,*

*concur.*

SUBMITTED FEBRUARY 3, 1976 — DECIDED FEBRUARY 19, 1976.

*Harrison, Jolles, Miller & Bush, Otis W. Harrison,* for appellant.

*Richard E. Allen, District Attorney, Sam B. Sibley, Jr., Assistant District Attorney,* for appellee.