## 69241. HENDERSON v. THE STATE.
(326 SE2d 246)

BIRDSONG, Presiding Judge.

Robert Lee Henderson was convicted of theft by conversion of more than $500. He brings this appeal enumerating two errors. *Held:*

1. In his first enumeration of error, Henderson complains that the trial court erroneously precluded a voir dire question which in effect inquired whether knowing that a defendant does not have to present evidence and should that right be exercised, any juror would hold that election against Henderson. The trial court sustained the State's objection thereto complaining that such a question was improper.

We find no error in the refusal to allow such a question on voir

dire. The purpose of voir dire is to make inquiry into and expose any prejudice or bias a prospective juror might have against an accused person, or any interest a juror might have in a cause. *Lundy v. State*, 130 Ga. App. 171, 173 (202 SE2d 536). The question propounded was not designed to inquire into either of those areas but sought to elicit whether a juror could follow a judge's charge that to impute guilt to an exercise of testimonial silence is improper. It has long been the law of most jurisdictions including Georgia that it is not within the purview of voir dire to inquire into technical legal questions, especially those ultimately involving the presumption of innocence, which are more properly the subject of a legal charge by the trial court. *Gatlin v. State*, 236 Ga. 707, 708 (225 SE2d 224); *Frazier v. State*, 138 Ga. 640, 642 (227 SE2d 284).

2. In his second enumeration, Henderson argues that the evidence, being circumstantial in nature, was not sufficient to preclude every reasonable hypothesis of the evidence save that of guilt, i.e., the general grounds.

Under the facts presented the jury was warranted in accepting as fact the following occurrences on the day of the conversion. On September 21, 1983, a car dealership in Albany as a result of its business operations generated approximately $32,000, all but $2,159 of which was in checks. There being $2,159 in cash, all the money including the checks and cash was placed in a safe deposit box at a bank on the evening of September 21. The following morning the money pouch was redeemed by the business personnel of the dealership and a bank deposit was prepared. The business clerk testified that when he obtained the pouch from the bank on the morning of September 22 all the checks plus the $2,159 in cash were in the pouch. When the deposit slip had been prepared and the checks listed, the closed pouch including the cash and checks was given to Henderson, a utility workman, to make a standard deposit.

When Henderson arrived at the bank, he surrendered the pouch to a drive-in teller. That teller opened the pouch and saw a number of checks and a bundle of currency. However, she also noted that the deposit slip did not have an entry for the amount of cash to be deposited. She did not count or verify any of the contents of the pouch but returned it to Henderson stating that he should return the pouch to the dealership for a correct preparation of the deposit slip with an entry for the amount of cash to be deposited. A short time later, Henderson offered the pouch to a second drive-in teller at the same bank. At this time there was no cash in the pouch. The teller accepted the pouch containing only checks and validated the deposit slip. A later verification by the bank showed that the deposit was $2,159 short of the deposit total.

Appellant contends that as there is no evidence directly showing

that he took anything from the pouch and since several others had access to the pouch, the evidence does not exclude all reasonable explanations for the shortage except that of his guilt. While the verdict of guilty was not demanded, it was not necessary for the State to prove that it was impossible for the offense to have been committed by anyone else, or that it might not, by bare possibility, have been done by another. *Pinson v. State*, 235 Ga. 188, 190 (219 SE2d 125). Questions of reasonableness generally are to be decided by a jury and if the jury is authorized by the evidence to find appellant guilty, the appellate courts will not disturb the finding, unless the verdict of guilty is unsupportable as a matter of law. *Harris v. State*, 236 Ga. 242, 245 (223 SE2d 643). Whether every reasonable hypothesis except that of guilt of the defendant has been excluded is a question for the jury where the jury is properly charged on that issue. *Rogers v. State*, 139 Ga. App. 656, 659 (229 SE2d 132). We find no reason to disturb the verdict in this case.

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED JANUARY 17, 1985.

*William J. Murray*, for appellant.

*Hobart M. Hind, District Attorney, John W. Hogg, Assistant District Attorney*, for appellee.