## 71371. CAUTHEN v. THE STATE.
### (340 SE2d 199)

DEEN, Presiding Judge.

Lewis A. Cauthen was indicted, tried by a jury, and convicted of three counts of homicide by vehicle in the first degree, operating a vehicle while under the influence of alcohol or drugs, failure to yield right-of-way, and violation of the Georgia Controlled Substances Act (possession of cocaine and trafficking in cocaine). He appeals following the denial of his motion for a new trial.

1. In his first two enumerations of error, appellant contends that the trial court erred in denying his motions for directed verdicts of acquittal as to the counts alleging possession of cocaine and trafficking in cocaine. The evidence showed that Cauthen's vehicle had crossed the Alabama state line and entered Georgia. A large bottle containing approximately 197 grams of white powder which contained from 3-5% cocaine was found inside a briefcase in the automobile.

" '[A] trial court must grant a motion for directed verdict [of acquittal] unless, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).' *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590) (1981)." *Adams v. State*, 164 Ga. App. 295, 296 (297 SE2d 77) (1982). Appellant contends that other passengers in the vehicle had equal access to drugs found in the briefcase. The equal access rule, "as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver. [Cits.] The rule . . . has no application where . . . all persons allegedly having equal access to the contraband are alleged to have been in joint constructive possession of that contraband." *Castillo v. State*, 166 Ga. App. 817, 821 (305 SE2d 629) (1983). "A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive

possession of it. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons shared actual or constructive possession of a thing, possession is joint." *Thomas v. State*, 153 Ga. App. 686, 689 (266 SE2d 355) (1980).

The motions for directed verdict were properly denied because a jury could find that Cauthen was in joint constructive possession with the other two occupants of the vehicle. As it was also proved that Cauthen was the driver of the car, the driver presumption would arise. The analysis of Cauthen's blood samples proved positive for cocaine although the sample was not large enough after the blood alcohol test was conducted to measure the amount of cocaine present. Drug paraphernalia to injest cocaine was found with the cocaine in the briefcase. The presence of cocaine in a defendant's bodily fluids is considered to be direct positive evidence of possession of cocaine. *Stevens v. State*, 165 Ga. App. 814, 815 (302 SE2d 724) (1983). "[I]f there is additional evidence of possession of contraband by the accused — either circumstantial or direct, other than mere ownership, use or possession of the vehicle, then an issue is made for the jury . . . . Where there is evidence other than 'equal access' connecting an accused to contraband, it is for the jury to determine guilt or innocence." *Fears v. State*, 169 Ga. App. 172, 174 (312 SE2d 174) (1983).

As to the count alleging trafficking in cocaine, the appellant claims he presented a theory that the Buick automobile in question could have been coming from a residence between the Alabama state line and the intersection where the accident occurred (approximately 1/2 mile) or could have been travelling towards the line and turned around before reaching the state line. These theories are not supported by the evidence. A state trooper testified that shortly before the accident he drove past the intersection in question, turned around at the state line, and drove back towards Tallapoosa. He did not see the Buick at any of the residences on the highway and did not see it on the road, but on the return trip he met the other vehicle involved in the collision. Just as he reached the Tallapoosa city limits, he received the call to investigate the collision. The first person on the scene after the accident testified that the defendant was sitting in the driver's seat with the steering wheel in his hands. The state's evidence was therefore consistent with its assertion that Cauthen was the driver of the Buick automobile and that he was driving into Georgia from Alabama.

2. It was not error for the trial court to deny appellant's motion for a directed verdict as to the three counts alleging homicide by vehicle. As stated above, the first witness on the scene testified that Cauthen was sitting in the driver's seat immediately after the accident, and that it was not possible she was mistaken as to his identity. The investigating officer who arrived shortly thereafter testified he

saw the defendant standing beside the driver's door with his hands propped on top of the car. Blood samples obtained from the passenger side of the car were of the same type as Cauthen's.

Cauthen argues that the evidence, being circumstantial in nature, was not sufficient to preclude every reasonable hypothesis except his guilt. We disagree. Whether every reasonable hypothesis except that of guilt of the defendant has been properly excluded is a question for the jury. *Rogers v. State*, 139 Ga. App. 656, 659 (229 SE2d 132) (1976); *Henderson v. State*, 173 Ga. App. 302, 304 (326 SE2d 246) (1985). We see no reason to disturb their finding.

3. Based on our holding in Divisions 1 and 2 above, we find the trial court did not err in denying appellant's motion for a new trial which was based on the general grounds. *Crawford v. State*, 245 Ga. 89 (263 SE2d 131) (1980).

4. Cauthen contends that the trial court erred in its jury charge on trafficking in cocaine by quoting the applicable statute, OCGA § 16-13-13, in its entirety.

A new trial will not usually be granted if the court charges an entire statute or code provision even though a part may be inapplicable to the case at bar. "However, it is reversible error to instruct the jury that an offense may be committed in more than one manner where only one manner is alleged in the indictment and no remedial instructions are given to limit the jury's consideration to that particular manner." *Owens v. State*, 173 Ga. App. 309, 312 (326 SE2d 509) (1985). In *Caithaml v. State*, 163 Ga. App. 429 (294 SE2d 674) (1982), the defendant claimed that the charge tracking former Code Ann. § 79A-811, which stated it was unlawful for "any person to possess, distribute, dispense, administer, sell or possess with intent to distribute marijuana," was improper because the indictment alleged only possession. The court held such a charge does not constitute reversible error provided the court subsequently gives a definition which is applicable to the pleadings and the evidence. In the present case, sufficient remedial instructions were given by the court when it charged the elements of possession immediately after charging the code section and then later defined the offense of trafficking in cocaine. Possession was alleged as a separate count in the indictment, and the fact that the trafficking charge also stated that possession was required does not by itself result in charging an offense with which the defendant was not charged. The jury was informed there were two separate counts, and the indictment gave the defendant notice that he would have to defend against both counts. We find no error.

5. The defendant further contends that the trial court erred in charging the presumption that every person "may be presumed to be of sound mind and discretion, but that the presumption could be rebutted, 'and' I charge you that you may infer if you wish to do so,

that the acts of a person of sound mind and discretion are a product of his will and that a person of sound mind and discretion intends the natural and probable consequences of his acts. Now whether or not you make any such inferences is a matter solely within your discretion as jurors." The court went on to give the standard jury charge on intent. Cauthen claims these charges were impermissibly burden-shifting in view of the holding in *Francis v. Franklin*, 471 U. S. __ (105 SC 1965, 85 LE2d 344) (1985), and *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979). We disagree. "A permissive presumption or inference is one which allows but does not require the jury to infer an ultimate fact from proof of a basic fact. It places no burden on the defendant; it merely advises and guides the jury to what conclusions they might draw from circumstantial evidence presented at trial. A defendant challenging a permissive presumption or inference must demonstrate its invalidity as it applies to him. [Cit.]" *Pollard v. State*, 249 Ga. 21, 22 (287 SE2d 189) (1982). See also *Roberson v. State*, 253 Ga. 239, 240 (319 SE2d 444) (1984). Viewing the charge as a whole, we find no error, as no burden was placed on the defendant.

6. The trial court properly admitted state's exhibit 51, a large bottle containing white powder, into evidence. Cauthen contends that the material was impermissibly contaminated when the investigating officer allowed a bystander who was assisting him in the investigation to place his fingertip in the mixture, in an effort to determine whether the substance contained cocaine. The defendant claims only traces of cocaine were shown to be present in the powder and that they could have been introduced by the bystander. The transcript does not support this theory. The evidence showed that there were two bottles placed into evidence, state's exhibit #51 which was a large bottle and state's exhibit #63, a small bottle. The testimony showed that the bystander put his finger in the small bottle, state's exhibit #63. Therefore this enumeration is without merit. Assuming arguendo, that the bystander placed his finger in state's exhibit #51, his argument would still fail. An expert witness estimated that the 197 grams of powder contained a cocaine concentration of 3-5% or between 5 and 9.85 grams of cocaine. It would therefore seem impossible for a witness to insert that much cocaine uniformly throughout the powder by touching it briefly with his fingertip. As there was only wild speculation of tampering with the powder which was unsupported by the evidence, the exhibit was properly admitted. *Spivey v. State*, 170 Ga. App. 196 (316 SE2d 822) (1984); *Graham v. State*, 152 Ga. App. 233 (262 SE2d 465) (1979).

7. The trial court did not err in its charge as to homicide by vehicle in the first degree. Each of the three counts alleged that the death of the named victim occurred through a violation of OCGA § 40-6-

391, driving under the influence of alcohol and drugs. The court charged the principles of OCGA § 40-6-393, homicide by vehicle, and subsection (a), which sets out the underlying offenses which would support such a conviction. In Division 4, above, the principles governing such a charge are set forth. See *Owens v. State*, supra. As stated in that division, consideration of the entire statute is proper if the court then limits the jury's consideration to the specific method of committing the offense listed in the indictment. As the requisite remedial instructions were given by the court, we find no error.

8. The trial court's poll of the jury was in proper form. This poll was virtually identical with that in *Tucker v. State*, 252 Ga. 263 (312 SE2d 300) (1984), and it was found to be sufficient.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JANUARY 7, 1986 —
REHEARING DENIED JANUARY 24, 1986 — 

*John W. Kilgo, George C. Turner, Jr.,* for appellant.
*William A. Foster III, District Attorney, Jeffrey L. Ballew, Assistant District Attorney,* for appellee.