## 43023. APPLING v. THE STATE.
(343 SE2d 684)

HUNT, Justice.

From his life sentence imposed in DeKalb County for the felony murder of his girl friend, Mignon Procter, Danny Harris Appling ap-

peals, raising three enumerations of error.[1] He contends that the trial court should have severed the two counts of the indictment, one charging him with murder and the other with possession of a firearm by a convicted felon; he complains of the court's recharge to the jury; and he contends that the trial court's refusal to continue the hearing on the motion for new trial was error.

He does not complain of the sufficiency of the evidence. Nevertheless, we have reviewed the evidence in the light most favorable to the verdict and conclude that a rational trier of fact could have found the defendant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

On December 15, 1984, the defendant resided in an apartment in DeKalb County with Ms. Procter and her daughter. On that date, during a brief argument with a visiting friend, the defendant began waving a pistol, first at the friend, who then departed, and thereafter at the victim. Apparently angered by her complaints when he turned off the television to listen to a record, he taunted her by thrusting the gun in her face, to which she responded by slapping it away. After three repetitions of this conduct, the gun discharged into the victim's head, killing her.

Immediately expressing regret, the defendant asked another friend to drive him to the police station, but en route, he departed the vehicle and was arrested one month later at an Atlanta motel.

At trial, Appling contended that he acted in self-defense in that the victim threatened him with scissors, and that the shooting was accidental, asserting that the gun discharged accidentally when she slapped it the last time.

The trial judge instructed the jury on the crimes of malice murder, felony murder, voluntary manslaughter and involuntary manslaughter. Concerning felony murder, the court charged on aggravated assault and the possession of a firearm by a convicted felon as potential underlying felonies. The jury was also instructed on the principles of self-defense and accident. After being twice recharged at its request, the jury returned the following verdict. "We, the jury, find the defendant guilty of felony murder with possession of a firearm, having been previously convicted of a felony."

1. First, the defendant urges error in the refusal of the trial court to sever the murder and felony possession charges under the rubric of *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984). It is clear from

---

[1] The victim was killed on December 15, 1984. The defendant was indicted in March 1985, and tried on July 24, 1985. He filed his motion for new trial on August 26, 1985, but it was denied after a hearing on October 16, 1985. Thereafter, he filed his notice of appeal on November 8, 1985; his appeal was docketed here on December 19, 1985, and submitted for decision on January 31, 1986.

*Head*, supra at 432, however, that where, as here, the possession of a firearm charge may be the supporting felony in felony murder, it is proper to try the counts together as long as the jury is carefully charged that the prior felony conviction may not be considered by them in deciding the murder count. Here, the court's instructions dealing with the previous conviction made this abundantly clear to the jury, and we therefore find no abuse of discretion in the refusal to sever the two counts.

2. The defendant next argues that the trial court erred in responding to the jury's request for additional instructions. On the first occasion the jury requested recharges on felony murder, involuntary manslaughter and accident. After conferring with counsel, the court repeated its instructions on these three subjects.

About two hours later the jury requested a written copy of the definitions of felony murder and involuntary manslaughter. Rather than handing them the instructions in writing, the court proposed to verbally recharge the jury on the subjects requested by them, and, over the defendant's objection, declined to recharge on accident. Defendant urges that this omission was error. We decline to so hold. Responding to a jury's request to restate portions of the charge is generally required of the trial judge, see *Edwards v. State*, 233 Ga. 625 (2) (212 SE2d 802) (1975), and it is within the court's discretion to recharge only that which is specifically requested. *Williams v. State*, 249 Ga. 6, 9 (287 SE2d 31) (1982). *United States v. Carter*, 491 F2d 625, 634 (5th Cir. 1974), cited by the defendant, is inapposite.

3. Defendant argues, finally, that the trial court should have postponed the hearing on the motion for new trial because the trial transcript was not completed. He asserts that the denial of his motion for continuance was an abuse of discretion, prevented effective representation at the hearing, and interfered with the defendant's opportunity to properly object to the charge of the court. We disagree. The trial judge noted that the motion had been filed on August 26, 1985, a previous hearing had been scheduled for October 3, and then reset to October 16, 1985, and that counsel at the motion hearing was the same attorney who represented the defendant at trial. We note further that no motion concerning the lack of transcript was made prior to the actual hearing on October 16, 1985, and that the transcript was filed in DeKalb Superior Court on November 14, 1985. The defendant has failed to demonstrate what additional objections, if any, he would have made to the charge had the transcript been available at the hearing. Further, he has failed to demonstrate any other harm as a result of the trial court's ruling. The trial court did not abuse its discretion in denying the continuance. OCGA § 17-8-22. This ruling is also consistent with OCGA § 5-5-40 (c) and Uniform Superior Court

Rule 41.1 (253 Ga. 801, 883 (1985)).[2]

*Judgment affirmed. All the Justices concur, except Smith, J., who concurs in the judgment only as to Division 3.*

DECIDED MAY 29, 1986.

*Alden W. Snead,* for appellant.

*Robert E. Wilson, District Attorney, Susan Brooks, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Staff Assistant Attorney General,* for appellee.

---

[2] "In order to reduce delay between the conclusion of the trial and the filing of the notice of appeal, the trial court may hear motions for new trial immediately after filing and prior to the preparation of the transcript of proceedings. In any event, the motion for new trial shall be heard and decided as promptly as possible." Uniform Superior Court Rule 41.1.