## 75059. DAVIS v. THE STATE.
(361 SE2d 547)

Birdsong, Chief Judge.

Appellant was convicted by a jury of aggravated assault, carrying a deadly weapon into a public gathering, and carrying a pistol without a license. Appellant was in attendance at a dart tournament at the American Legion Bar in Conyers, Georgia, early one evening. The bartender, Paul Watts, allowed appellant to bring his pistol into the bar because appellant did not want to leave the gun in his truck which would not lock. The gun was placed in a cabinet behind the bar for safekeeping. Later that evening at the conclusion of the dart tournament, appellant, without permission, went behind the bar to retrieve his gun. Watts then turned to appellant and said: ". . . I told you not to bother the pistol." As Watts started toward him, appellant raised the gun and shot Watts in the chest. Appellant claimed the shooting was an accident, but Watts testified he saw the look of rage in appellant's eyes. Experts testified at trial that it would have been difficult to fire the pistol accidentally. Appellant brings this appeal enumerating four errors. Held:

1. Appellant was arrested shortly after the shooting occurred. Later that evening, appellant registered .08 grams on an intoximeter test administered by the police. The State used the result of the test to establish the fact that appellant was not legally intoxicated. Appellant contends it was error for the trial court to admit into evidence the result of the test because it was performed in violation of appellant's right not to do an affirmative act that would be incriminating as guaranteed by the Georgia Constitution. When the State questioned the arresting officer about his experience in DUI cases, appellant's counsel objected to the relevancy of DUI. The trial judge overruled the objection stating that appellant had previously mentioned his high level of intoxication during the night in question, thus making the arresting officer's experience with intoxicated persons relevant.

At the time the actual results of the intoximeter test were admitted, appellant made no objection. Appellant does not raise on appeal the question raised at trial, i.e., relevancy. The ground enumerated as

error on this appeal even though on constitutionality was never raised at trial. "Under our appellate procedure, ' "(a) reason why evidence should not be admitted will not be considered on appeal unless the reason was urged below." ' *Downs v. State*, 145 Ga. App. 583, 587 (3) (244 SE2d 109)." *Brooker v. State*, 164 Ga. App. 775, 778 (2) (298 SE2d 48). Therefore, appellant has waived consideration of this enumeration on appeal. Even so, the issue of intoxication was raised by appellant and evidence shedding light upon the degree of intoxication was relevant for enlightenment of the jury. *Allen v. State*, 137 Ga. App. 755, 756 (224 SE2d 834).

2. Appellant maintains the trial court erred in requesting the numerical division of the jury and then giving an *Allen* charge. The record indicates that after a lengthy period of deliberation, the trial judge stated: " . . . I think it would be appropriate if I bring them back and ask them the numerical division only, and then give them an *Allen* charge. Is there any objection to that?" Appellant's counsel clearly responded: "No, sir." No objection having been made at trial, nothing is preserved for review on appeal. *Scott v. State*, 243 Ga. 233, 235 (2) (253 SE2d 698); *Moore v. State*, 176 Ga. App. 882, 884 (2) (339 SE2d 271).

3. Appellant alleges the trial court erred in continuing to recharge the jury on points favorable to the State. On four separate occasions, the jury asked the trial judge to repeat the charge on aggravated assault. It is appellant's contention that by repeating the definition of aggravated assault without including appellant's affirmative defense of accident, the trial court created an impression favorable to the State.

"Where the jury, after having been charged by the court, returns into court and requests an instruction upon a specific question, it is not error for the judge to confine his instruction to the specific point suggested by the jury's inquiry." *Williams v. State*, 151 Ga. App. 765, 766 (1) (261 SE2d 487). In the case sub judice, the jury confined its question to the definition of aggravated assault and did not ask to be recharged on the defense of accident. It is well settled that the extent and character of any supplemental instructions to the jury are matters within the sound discretion of the trial court. Absent an abuse of that discretion, such decisions will not be disturbed on appeal. *Taylor v. State*, 169 Ga. App. 842, 844 (2) (315 SE2d 661). We find no abuse of discretion here.

4. Finally, under all the evidence adduced at trial, viewed in the light favorable to the verdict, any rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 1, 1987.

*David B. Irwin*, for appellant.

*Robert F. Mumford*, District Attorney, *Shirley A. Champa*, Assistant District Attorney, for appellee.