### S90A0049. CAULEY v. THE STATE.
(393 SE2d 246)

PER CURIAM.

Johnny Raymond Cauley shot and killed Paul Yancey with a handgun. He was convicted of malice murder and of the possession of a firearm by a convicted felon, and was sentenced to life imprisonment and to a term of years.[1]

Cauley, a driver for a waste oil company, reported to the company to see if there was any work for him. Yancey (the owner of the company) and his wife drove into the company parking lot. As Cauley was in the process of leaving, he and Yancey engaged in an argument over a sum of money that Cauley claimed was owing to him. Another employee of the company asked Cauley to leave. Yancey picked up a piece of lumber and hit either Cauley or Cauley's car. He then tried to push Cauley's car door closed. Cauley drew a pistol and fatally shot Yancey.

1. (a) Cauley contends that the trial court erred in denying his motion to sever the two counts of the indictment, claiming that to try them before one jury impermissibly placed his character in issue, and

---

[1] The homicide occurred on January 2, 1989, and Cauley was indicted on April 11, 1989. He was convicted on July 20, 1989, and was sentenced the same date. A notice of appeal was filed on August 3, 1989. The appeal was docketed on October 12, 1989, and was argued before this court on January 8, 1990.

denied to him his defense of justification.

In *Head v. State*, 253 Ga. 429, 432 (3) (d) (322 SE2d 228) (1984), we held:

> In cases where the count charging possession of a firearm by a convicted felon might be material to a more serious charge — as, for example, where the offense of murder and possession are charged in one indictment, and the possession charge might conceivably become the underlying felony to support a felony murder conviction on the malice murder count of the indictment — the trial need not be bifurcated.

(b) The indictment alleged that Cauley murdered Yancey by shooting him with a handgun. Hence, the possession-of-the-firearm charge could have been an underlying felony for a felony-murder conviction. The facts of this case fit squarely within the contemplation of *Head*, supra. There was no error.

2. (a) Cauley contends that the trial court erred in failing to include proper limiting instructions as required by *Head*, supra, in the jury charges as to malice murder, felony murder, the form of the verdict, OCGA § 16-3-21 (justification), and duty to acquit. We noted in *Head*, supra:

> Specifically, in such event, the trial court shall instruct the jury that the only purpose for which they are permitted to receive evidence of prior convictions is relative to the charge of possession, and that they may not consider evidence of prior convictions in determining guilt or innocence on the more serious charge, except as such evidence might be material in considering a lesser included offense.

The trial judge charged the jury as follows:

> Ladies and gentlemen of the jury, I instruct you that there has been certain evidence admitted, that is, a certain copy of a conviction — I believe it was State's Exhibit 17 — admitted in the case. The only purpose for which the court allows State's Exhibit 17 to be admitted is relative to the charge of possession of a firearm after having been convicted of a felony. State's Exhibit 17 should not be considered by you as substantive evidence relative to determining the guilt or innocence of the defendant on the murder charge itself. You may consider State's Exhibit 17 if you see fit to do so in connection with Count 2 of the indictment [possession of a firearm by a convicted felon].

(b) The jury charges met the requirements of *Head*, supra, and were correct statements of law.

(c) Moreover, the trial court's charge on self-defense met the concerns expressed in Chief Justice Hill's special concurrence in *Head*, joined in by Justice Clarke and Justice Smith.[2]

As Cauley complains, the court did charge that the use of force to defend one's self may not be justified by one who is then in the commission of a felony, such as possession of a firearm by a convicted felon. But the court charged further:

> Where, upon a sudden emergency, one suddenly acquires actual possession of a pistol for the purpose of defending himself, if you find that to have been the purpose, [then] he would not be in violation of any law prohibiting a felon from being in possession of a firearm.

This charge precisely covered Cauley's position as to the cause of the incident and clearly provided a legal theory upon which the jury could acquit, had it chosen to do so, notwithstanding Cauley's felonious status occasioned by his possession of the firearm.

3. (a) Cauley contends that the trial court erred in denying his motion for a directed verdict of acquittal, contending that the victim was never identified as the deceased named in the indictment.

(b) The record reveals that the deceased was identified by two witnesses to the shooting (his widow and a company employee), as well as by a police investigator and by a medical examiner. This enumeration is without merit.

4. The evidence is sufficient to permit a rational trier of fact to find Cauley guilty of malice murder and possession of a firearm by a convicted felon beyond reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur, except Bell, J., who concurs in the judgment only.*

DECIDED JULY 12, 1990.

*Tony H. Hight,* for appellant.

---

[2] The special concurrence was, in part, as follows:

In my view a person who defends himself or herself against an aggressor's attack and who, without malice or intent, causes the aggressor's death in self-defense, should not nevertheless be guilty of felony murder on the basis that such person is guilty of possession (however momentary) of a firearm by a convicted felon. That is to say, in my view, a person should not be denied the right of self-defense because such person is a convicted felon.

*Head*, supra at 433.

*Robert F. Mumford, District Attorney, William F. Todd, Jr., Cheryl F. Custer, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellee.