A90A2303. JONES v. THE STATE.
(403 SE2d 867)

McMURRAY, Presiding Judge.
Defendant was indicted for trafficking in cocaine in that he did sell over 28 grams of a mixture containing at least ten percent pure cocaine in violation of the Georgia Controlled Substances Act. The case was tried before a jury and the evidence revealed the following:
On May 30, 1989, defendant met a confidential police informant and an undercover law enforcement officer in a shopping center parking lot and agreed to sell the undercover officer two ounces of cocaine for $1,800. Defendant used the undercover officer's mobile telephone, called an accomplice and made arrangements to close the deal at a fast food restaurant. Defendant then rode with the informant and the undercover officer to the fast food restaurant. Defendant and the informant went into the restaurant. The undercover officer waited in

the car. A few minutes later, defendant's accomplice approached the undercover officer and stated, "[Y]ou must be the one that . . . I supposed to bring this to?" In response, the undercover officer showed the accomplice "a large sum of money. . . ." The accomplice then went to his car, retrieved "a blue paper towel . . ." and returned with defendant to the law enforcement officer's vehicle. Defendant entered the back seat and the accomplice entered the front passenger seat. The accomplice handed the undercover officer 56.2 grams of a substance which was 73 percent pure cocaine. The undercover officer then began counting money. At that point, several law enforcement officers moved in and arrested defendant and the accomplice.

The jury found defendant guilty of trafficking in cocaine. This appeal followed the denial of his motion for new trial. *Held*:

1. Defendant first contends the evidence was insufficient to prove that he committed the crime as alleged in the indictment, i.e., that he *sold* cocaine. Defendant argues that a *sale* of cocaine did not occur since the undercover officer never handed defendant or the accomplice money in exchange for the cocaine. This argument is without merit.

An exchange of money was not necessary in order to prove that defendant sold cocaine. "[A] sale of drugs is complete when the seller delivers the drugs to the feigned buyer." *Robinson v. State*, 164 Ga. App. 652, 653 (1), 654 (297 SE2d 751). In the case sub judice, the State presented evidence showing that defendant's accomplice delivered 56.2 grams of a substance containing over 73 percent pure cocaine to an undercover law enforcement officer. This evidence was sufficient to authorize the jury's finding that defendant was guilty, beyond a reasonable doubt, of trafficking in cocaine as alleged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See OCGA § 16-2-20 and *Barrett v. State*, 183 Ga. App. 729, 733 (2), 735 (360 SE2d 400).

2. In his second enumeration, defendant contends the trial court erred in charging the jury that trafficking in cocaine could be committed by more than the method charged in the indictment. More specifically, defendant contends the trial court's responses to questions asked by the jury misled the jury into believing that he could be found guilty of trafficking in cocaine by more than the method of *selling* cocaine as alleged in the indictment.

After the jury retired for deliberations, they returned with several questions. Pertinently, the jury asked, "Is possession then a consideration in terms of the crime of trafficking?" In response, defense counsel suggested that the trial court "read the trafficking charge again." The trial court then recharged the jury on the pertinent provisions of OCGA § 16-13-31 (a) (1), i.e., "Any person who knowingly sells, delivers or brings into this State or who is knowingly in actual

possession of twenty-eight grams or more of cocaine or of any mixture with a purity of ten percent or more of cocaine commits the offense of trafficking in cocaine." The jury then resumed deliberations, but later returned and asked the trial court, "Reread the charge as to what constitutes trafficking. Does it include both actual and constructive possession?" The trial court responded by recharging the pertinent provisions of OCGA § 16-13-31 (a) (1). The jury then asked the trial court to "[d]o it one more time." The trial court complied.

Defendant argues that it was reversible error to instruct the jury on the various methods in which the offense of trafficking in cocaine could be committed without giving them remedial instructions, limiting the jury's consideration to the particular manner in which trafficking in cocaine was alleged in the indictment. See *Cauthen v. State*, 177 Ga. App. 565, 567 (4) (340 SE2d 199). The State contends the defendant waived exception to the recharge by suggesting that the trial court "read the trafficking charge again."

Defendant waived exception to the trial court's recharge of the pertinent provisions of OCGA § 16-13-31 (a) (1) by suggesting that the trial court "read the trafficking charge . . ." in response to the jury's question. A party cannot complain of an error that his own conduct aided in causing. *Chambley v. State*, 177 Ga. App. 630 (1) (340 SE2d 635). Further, we find no error as the trial court's response was directed to answering the jury's specific question. "It is not error to limit a recharge to the question asked. *Davis v. State*, 184 Ga. App. 415, 416 (3) (361 SE2d 547) (1987). In fact, '(r)esponding to a jury's request to restate portions of the charge is generally required of the trial judge, (cit.), and it is within the court's discretion to recharge only that which is specifically requested. (Cit.)' *Appling v. State*, 256 Ga. 36, 38 (2) (343 SE2d 684) (1986)." *Shy v. State*, 190 Ga. App. 370, 372 (6) (378 SE2d 920). During the main jury charge in the case sub judice, the trial court instructed the jury on the pertinent provisions of OCGA § 16-13-31 (a) (1) and then admonished the jury that they "must consider the guilt or innocence of the defendant as to the crime alleged in the indictment and [that they] must render a verdict as to the crime of which [defendant] is accused." The trial court further instructed the jury that they must consider "first the accusation of trafficking in cocaine [and] if after considering all the facts and circumstances as disclosed by the evidence, you believe beyond a reasonable doubt that the defendant is guilty of trafficking in cocaine as charged in the indictment, then, in that event, you would be authorized to find the defendant guilty of trafficking in cocaine as charged in the bill of indictment." Under these circumstances, we find no abuse in the trial court's limited responses to the jury's questions. See *Cauthen v. State*, 177 Ga. App. 565, 567 (4), supra. This enumeration is without merit.

*Judgment affirmed. Sognier, C. J., and Carley, J., concur.*

DECIDED MARCH 7, 1991.

*Mark V. Cloud*, for appellant,
*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, John M. Turner, Jr., Rebecca A. Keel*, Assistant District Attorneys, for appellee.