S93A1041. ROBINSON v. THE STATE.
(435 SE2d 207)

HUNT, Presiding Justice.

Andre Robinson shot and killed Charles Jones. He was convicted of malice murder and possession of a firearm by a convicted felon and was sentenced to life imprisonment for the murder conviction and a consecutive five-year term for the possession conviction.[1] He appeals and we affirm.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] The crimes were committed on October 17, 1991. Robinson and his co-defendant, Varom Valentine, were indicted by the DeKalb County Grand Jury on February 14, 1992. (Varom Valentine's appeal, Case No. S93A1468, was docketed in this court July 2, 1993.) Robinson and Valentine were indicted for malice murder and felony murder. Robinson was also indicted for possession of a firearm by a convicted felon. They were tried before a jury August 3-6, 1992, and convicted on August 6, 1992. Robinson's motion for new trial, filed August 24, 1992, was denied on February 24, 1993. His notice of appeal was filed March 26, 1993. The appeal was docketed in this court April 9, 1993, and submitted for decision, without oral argument, on May 21, 1993.

2. (a) Contrary to Robinson's contention, the trial court did not err by denying Robinson's motion to bifurcate for trial the charge of possession of a firearm by a convicted felon from the malice murder and felony murder charges. The possession charge was material to the felony murder charge since it could have served as the underlying felony for a felony murder conviction. *Williams v. State*, 263 Ga. 135 (429 SE2d 512) (1993); *Cauley v. State*, 260 Ga. 324, 325 (1) (393 SE2d 246) (1990). See also *Iona v. State*, 260 Ga. 83, 85 (4) (389 SE2d 754) (1990). Thus, the trial court was not required to bifurcate the charges as Robinson requested. *Williams v. State*, supra; *Cauley v. State*, supra; see also *Brown v. State*, 263 Ga. 89, 90 (2) (428 SE2d 78) (1993). The trial court properly instructed the jurors that they could not consider the prior felony conviction in deciding the homicide charges. Accordingly, the trial court did not abuse its discretion in refusing Robinson's motion to bifurcate. *Appling v. State*, 256 Ga. 36, 37 (1) (343 SE2d 684) (1986).

(b) Robinson contends the trial court should have excluded his previous conviction for aggravated assault, which evidence was submitted to support the count of possession of a firearm by a convicted felon. At trial, Robinson stated his willingness to concede that he was a convicted felon. Because the state would not accept that concession, the trial court admitted into evidence a certified copy of Robinson's previous aggravated assault conviction. Contrary to Robinson's argument, under the circumstances of this case, including the overwhelming evidence against Robinson, the admission of the prior conviction does not constitute reversible error.

3. We find no merit to Robinson's remaining enumerations of error.

*Judgment affirmed. All the Justices concur, except Fletcher, J., who concurs in the judgment only.*

DECIDED OCTOBER 12, 1993.

*William T. Hankins III,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Elisabeth G. Macnamara, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellee.