S93A1058. HARRIS v. THE STATE.

(435 SE2d 669)

HUNSTEIN, Justice.

Richard Tyler Harris shot and killed Charles Mack and shot Wayne Jinks. Harris was indicted for malice murder, aggravated assault and possession of a firearm by a convicted felon. He pled guilty to the possession charge and was convicted of malice murder and aggravated assault. Harris appeals from the denial of his motion for new

trial and we affirm.[1]

1. Considering the evidence in a light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found appellant guilty of the crimes charged beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that the trial court erred in refusing to allow him to testify on direct examination in response to a question propounded by his counsel. The procedure for asserting an error regarding testimony sought to be introduced on direct examination is as follows:

> " '[I]t must appear that a pertinent question was asked, that the court ruled out an answer, that a statement was made to the court at the time showing what the answer would be, and that such testimony was material and would have benefited the complaining party.' " [Cit.]

*Stancil v. State*, 155 Ga. App. 731, 733 (3) (272 SE2d 511) (1980). An examination of the transcript reveals that no such proffer was made by appellant. Accordingly, this enumeration provides nothing for review.

3. Appellant contends that error exists in the failure to grant his pre-trial motion to sever the possession of a firearm count from the remaining charges. We find no abuse of discretion in that the possession charge could have served as the underlying felony for a felony murder conviction. *Robinson v. State*, 263 Ga. 424 (435 SE2d 207) (1993); *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984). It is of no consequence that during the trial the court ultimately bifurcated the possession count or that appellant ultimately pled guilty to that charge during jury deliberations on the first two counts of the indictment.

4. We reject appellant's contention that the trial court's charge on self-defense was inadequate. *Barron v. State*, 261 Ga. 814 (4) (411 SE2d 494) (1992).

5. Appellant's contention that the trial court erred in refusing to charge the jury that they could find him guilty of the lesser included offense of involuntary manslaughter is without merit. *Saylors v.*

---

[1] The crimes were committed on May 12, 1991. Harris was indicted on August 6, 1991 in Appling County. A jury found him guilty on June 10, 1992; he was sentenced that same day for the murder conviction and further sentenced on November 23, 1992 on the remaining counts. His motion for new trial, filed June 30, 1992, and amended on January 7, 1993 was denied February 17, 1993. Appellant's notice of appeal was filed on March 16, 1993. The instant appeal was docketed in this Court on April 13, 1993 and submitted for decision on June 17, 1993.

*State*, 251 Ga. 735 (3) (309 SE2d 796) (1983).

6. The trial court instructed the jurors before they commenced deliberations that if they failed to reach a unanimous verdict, the trial court was required to declare a mistrial and try the case before another jury. Appellant argues that this instruction constituted an *Allen* charge (*Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896)), the giving of which was reversible error because of its coerciveness and prematurity. Assuming, arguendo, that the instruction at issue constitutes a permutation of the *Allen* charge, see, e.g., *Romine v. State*, 256 Ga. 521 (1) (350 SE2d 446) (1986), jurors may be encouraged in their deliberations, so long as "such encouragement [is] free from coercion or from undue pressure by the court. [Cit.]" *McMillan v. State*, 253 Ga. 520, 523 (4) (322 SE2d 278) (1984). Although a predeliberation charge on unanimity is proper, informing the jury in such a charge of the consequences of a failure to achieve unanimity is disapproved. However, as nothing in the record supports the conclusion that the instruction or its timing was coercive in that it caused any juror " 'to abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors,' [cits.]" *Stephens v. State*, 261 Ga. 356, 357 (4) (405 SE2d 470) (1991), and inasmuch as the evidence of appellant's guilt was overwhelming, there exists no reversible error.

Furthermore, with regard to the prematurity issue, the Commentary to the A.B.A. Standards for Criminal Justice[2] urges that *Allen*-like instructions be given during the course of the general instructions, before the jury commences deliberations.[3] And, in Georgia, an *Allen* charge is not applicable only where the jury is deadlocked. See *Allen v. State*, 260 Ga. 147 (3) (b) (390 SE2d 848) (1990).[4] Accordingly, under the circumstances, we conclude that this enumeration is without merit.

*Judgment affirmed. All the Justices concur, except Fletcher, J., who concurs in the judgment only.*

DECIDED OCTOBER 25, 1993 —
RECONSIDERATION DENIED NOVEMBER 19, 1993.

*W. Jefferson Hires,* for appellant.

---

[2] See A.B.A. Standards for Criminal Justice, Vol. III, Trial by Jury, Commentary, Standard 15-4.4 (a).

[3] See also *Kent v. United States*, 343 F2d 247, 261 (1964), rev'd on other grounds 383 U. S. 541 (86 SC 1045, 16 LE2d 84) (1966) (*Allen* charge rendered before jury retired upheld).

[4] This opinion does not address whether it is proper to give the *Allen* charge after the court is advised that the jury is not able to agree on a verdict.

*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney, Michael J. Bowers, Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.