## A94A1589. WILLIAMS v. THE STATE.
(449 SE2d 333)

McMurray, Presiding Judge.

Defendant was tried before a jury and found guilty of aggravated assault as a lesser included offense of murder (while in the commission of an aggravated assault) (Count 1), possession of a firearm during the commission of a crime (murder alleged in Count 1) (Count 2) and possession of a firearm while on probation (as a first offender) for committing burglary (Count 3). This appeal followed the denial of defendant's motion for new trial. *Held*:

In his sole enumeration, defendant contends the trial court erred in failing to grant his motion "to bifurcate the possession of a firearm by a first offender probationer count from the other unrelated counts in the indictment."

Even though defendant was indicted in Count 1 for murder (while in the commission of an aggravated assault), "[t]he possession [of a firearm while on probation (as a first offender) for committing burglary] charge was material to the felony murder charge since it *could* have served as the underlying felony for a felony murder conviction. *Williams v. State*, 263 Ga. 135 (429 SE2d 512) (1993); *Cauley v. State*, 260 Ga. 324, 325 (1) (393 SE2d 246) (1990). See also *Iona v. State*, 260 Ga. 83, 85 (4) (389 SE2d 754) (1990). Thus, the trial court was not required to bifurcate the charges as [defendant] requested. *Williams v. State*, supra; *Cauley v. State*, supra; see also *Brown v. State*, 263 Ga. 89, 90 (2) (428 SE2d 78) (1993)." (Emphasis supplied.) *Robinson v. State*, 263 Ga. 424, 425 (2) (a) (435 SE2d 207). See *Harris v. State*, 263 Ga. 526, 527 (3) (435 SE2d 669). Consequently, the trial court did not abuse its discretion in refusing defendant's motion to bifurcate. *Appling v. State*, 256 Ga. 36, 37 (1) (343 SE2d 684) (1986).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 5, 1994.

*Jennifer B. Mann,* for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Thomas S. Clegg, Assistant District Attorneys,* for appellee.