## S96A1245. WEEMS v. THE STATE.
(476 SE2d 585)

HINES, Justice.

William Fudge Weems was found guilty of malice murder, felony murder while in the commission of aggravated assault, felony murder while in possession of a firearm by a convicted felon, aggravated assault, and possession of a firearm by a convicted felon in connection with the fatal shooting of Leon Anderson III.[1] We affirm Weems'

---

[1] The crimes occurred on November 25, 1991. Weems was indicted on August 20, 1993, for malice murder, felony murder while in the commission of aggravated assault, felony murder while in possession of a firearm by a convicted felon, aggravated assault, and three

convictions.

The evidence, considered in a light most favorable to the verdict, disclosed that on November 25, 1991, Anderson and Shivers walked from their dormitory at Morehouse College to a local convenience store to purchase a six-pack of beer. Because the sales clerk refused to sell them beer without proper age identification, Anderson decided to approach Weems, whose car was parked in front of the gas pumps, and ask him to purchase the beer for them. According to the testimony of Shivers, Anderson was about five to six feet from Weems' car when Weems started yelling at Anderson. After a brief conversation, Anderson put his hands up and began backing away from Weems, stating, "no problem, brother, cool." At this point, Weems reached into the car and Shivers turned and ran. As Shivers was running, he heard a gunshot and turned to see Anderson stumble towards him and fall in the road. Weems admitted shooting and killing Anderson, but claimed that he acted in self-defense because he thought he was being robbed.

1. The evidence was sufficient to enable a rational trier of fact to find that Anderson was unarmed and backing away with his hands up when Weems shot him. The jury, assessing the weight of the evidence and the credibility of the witnesses, chose not to believe Weems' testimony that the shooting was in self-defense. *Roker v. State*, 262 Ga. 220 (416 SE2d 281) (1992). The evidence satisfies the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no error in the trial court's denial of Weems' motions to dismiss the felony murder count based upon possession of a firearm by a convicted felon and, alternatively, to bifurcate for trial the charges of possession of a firearm by a convicted felon from the malice murder and felony murder charges.

The record shows that Weems was a convicted felon, possessed a firearm, and used the firearm in the commission of an aggravated assault which resulted in the killing of Anderson. Under these circumstances, the "status offense" of possession of a firearm by a con-

---

counts of possession of a firearm by a convicted felon with the underlying felony convictions being possession of cocaine, burglary, and theft by receiving stolen property. He was tried on September 20-28, 1993, and found guilty of all charges. On September 28, 1993, Weems was sentenced to life imprisonment for malice murder and five years imprisonment to be served consecutively for one count of possession of a firearm by a convicted felon. The felony murder convictions and the aggravated assault conviction stood vacated by operation of law, OCGA § 16-1-7, and the trial court ruled that two of the three counts of possession of a firearm by a convicted felon were nullities. Weems' motion for new trial, filed October 7, 1993, was denied on September 22, 1995. A motion for an out-of-time appeal was granted on March 29, 1996. The notice of appeal was filed on April 3, 1996, and the appeal was docketed with this Court on April 22, 1996. The case was submitted for decision without oral argument on June 24, 1996.

victed felon was dangerous and sufficiently connected to the murder to serve as the underlying felony for a felony murder conviction. *Roller v. State*, 265 Ga. 213, 214 (2) (453 SE2d 740) (1995). Thus, the possession charges were material to the felony murder and the trial court did not abuse its discretion in refusing Weems' motions to bifurcate and dismiss. *Robinson v. State*, 263 Ga. 424, 425 (2) (435 SE2d 207) (1993); *Williams v. State*, 263 Ga. 135, 136 (1) (429 SE2d 512) (1993); *Head v. State*, 253 Ga. 429, 431 (3) (322 SE2d 228) (1984).

3. Weems contends that the trial court erred in denying his motion for new trial because the jury instructions on justification, reckless conduct, mere presence, circumstantial evidence, and self-defense were unsupported by the evidence and unduly confusing. Jury instructions must be read and considered as a whole when determining whether the charge was correct. *Hambrick v. State*, 256 Ga. 688, 689 (3) (353 SE2d 177) (1987). Here, a complete review of the trial court's charge shows that it was neither confusing nor misleading and that it provided full and fair instruction on the issues in the case. It was not error to deny Weems' motion for new trial.

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 15, 1996.

*Charlotte Y. Kelly, Dwight L. Thomas*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Samuel W. Lengen, Kirby Clements, Jr., Assistant District Attorneys, Michael J. Bowers, Attorney General, Beth Attaway, Assistant Attorney General*, for appellee.