### 46030. ANDERSON v. THE STATE.
(373 SE2d 745)

HUNT, Justice.

Joe Marvin Anderson appeals his conviction and life sentence for the murder of his wife, Beverly Sue Anderson.[1] He enumerates as error, inter alia, the admission into evidence and reading into evidence of his statements, the admission into evidence of various items of physical evidence, and the trial court's failure to give his requested charge on involuntary manslaughter.

The evidence, viewed in the light most favorable to the jury's verdict, showed that the day before the murder, while the defendant helped two women move some boxes, the victim, the defendant's wife, called and asked him to come home. The defendant returned home, saw his wife was upset, left the house, and returned later after the victim was in bed. The next morning, the two argued about the defendant's actions the day before, and the defendant jerked the victim by the hair. They continued their argument, and the defendant shot the victim, then took her to a hospital where she was pronounced dead on arrival. In a statement at the hospital, the defendant admitted pointing his pistol at the victim but claimed the pistol went off accidentally. Later, after having been given his *Miranda* warnings, he signed a statement consistent with his statement at the hospital.

1. We find the above evidence sufficient to support the conviction under the standard established in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant contends the trial court erred by admitting into evidence the defendant's statements to a detective, the first given at the hospital and the second at the sheriff's office, and by allowing the detective to read the contents of the second statement into evidence. Contrary to the defendant's argument, the record amply supports the trial court's finding that the defendant was not in custody at the time the first statement was made and, therefore, there was no requirement that the defendant be advised of his constitutional rights. *Lobdell v. State,* 256 Ga. 769 (6) (353 SE2d 799) (1987). Likewise, the record supports the trial court's finding that the defendant gave the

---

[1] The defendant shot and killed the victim on February 24, 1987. He was indicted on March 26, 1987 and tried on April 25-27, 1988. The defendant's notice of appeal was filed on May 6, 1988 and the transcript was certified on June 15, 1988. The defendant's appeal was docketed in this court on July 21, 1988 and orally argued on September 21, 1988.

second statement freely and voluntarily, after he had been given his *Miranda* warnings. *Sanders v. State*, 257 Ga. 239 (1) (c) (357 SE2d 66) (1987). Also, the defendant's argument that the "best evidence" rule precludes the admission of his written statement is clearly meritless.

3. The defendant contends the state failed to prove the chain of custody for three items of evidence. The record reflects the state established the chain of custody of each item to a reasonable certainty. *Anderson v. State*, 247 Ga. 397, 399 (2) (276 SE2d 603) (1981).

4. We find no merit to defendant's seventh enumeration of error regarding the trial court's grant of the state's motion in limine prohibiting the defendant from referring to potential punishments for murder.

5. In his eighth and ninth enumerations, defendant enumerates error regarding the trial court's charge on involuntary manslaughter. The charge requested by the defendant, OCGA § 16-5-3 (b) (commission of a lawful act in an unlawful manner unintentionally causing death without intent) was inappropriate as the defendant admitted the unlawful act of intentionally pointing his gun at the victim. *Raines v. State*, 247 Ga. 504, 506 (2) (277 SE2d 47) (1981). The trial court properly charged the jury on the greater grade of involuntary manslaughter, OCGA § 16-5-3 (a).

*Judgment affirmed. All the Justices concur.*[2]

DECIDED NOVEMBER 23, 1988.

*Leaphart, Smith & Johnson, J. Alvin Leaphart,* for appellant.
*Glenn Thomas, Jr., District Attorney, Stephen D. Kelley, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Assistant Attorney General,* for appellee.