S93A0214. WILLIS v. THE STATE.
(428 SE2d 338)

CARLEY, Justice.

Appellant appeals from his convictions for malice murder, for which he was sentenced to life, and possession of a firearm by a con-

victed felon.[1]

1. As to his malice murder conviction, appellant enumerates the general grounds. The evidence, when construed most favorably for the State, shows that appellant shot the unarmed victim without provocation and without justification. The evidence was, therefore, sufficient to authorize a rational trier of fact to find proof of appellant's guilt of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After the direct examination and prior to the cross-examination of a State's witness, appellant objected "on the basis that [her testimony] wasn't relevant to the particular incident." The overruling of this objection is enumerated as error.

There was no proper objection to the testimony. " 'An objection to the admission of evidence on the ground that it is "immaterial and irrelevant" is not such an objection as it would be reversible error to overrule.' [Cit.]" *Mims v. State*, 207 Ga. 118 (2) (60 SE2d 373) (1950).

> An objection to evidence on the ground that it is irrelevant, immaterial and prejudicial is "entirely too vague and general to present any question for determination by the trial court, and the overruling of this objection did not constitute reversible error. [Cits.]" [Cit.]

*Croom v. State*, 165 Ga. App. 676, 677 (3) (302 SE2d 598) (1983).

Moreover, the State's witness was an eyewitness to the events and at least that portion of her testimony concerning what she had seen was certainly relevant to the issue of appellant's guilt or innocence.

> "[W]hen evidence is offered, part admissible, and part inadmissible, and the objection is to the evidence as a whole, it is not error to admit the whole." [Cit.] Because appellant's general objection went to at least some admissible evidence, it was not error to admit the whole of [the] testimony.

*Seabrooks v. State*, 251 Ga. 564, 568 (2) (308 SE2d 160) (1983).

3. In an alternative count of the indictment, appellant was charged with felony murder of the victim, with the underlying felony being possession of a firearm by a convicted felon. Because this felony

---

[1] The crimes were committed on September 23, 1991. Appellant was indicted in the January 1992 Term of the Superior Court of DeKalb County. He was tried before a jury on April 13-14, 1992. The judgments of conviction and sentences were entered on April 14, 1992. Appellant's motion for new trial was filed on May 13, 1992 and denied on September 24, 1992. His notice of appeal was filed on October 1, 1992. The case was docketed in this court on November 9, 1992 and submitted for decision on December 23, 1992.

murder count was predicated upon appellant's status as a previously convicted felon, he moved to sever that count. The trial court's refusal to grant this motion for severance is enumerated as error.

In *Head v. State*, 253 Ga. 429, 432 (3) (d) (322 SE2d 228) (1984), it was held that a count charging possession of a firearm by a convicted felon need not be tried separately where, as here, that charge is "the underlying felony to support a felony murder conviction. . . ." If, under *Head*, there was no requirement that that count charging appellant only with possession of a firearm by a convicted felon be tried separately, it necessarily follows that there was no requirement that the alternative count charging appellant with felony murder be tried separately.

> [T]he possession-of-the-firearm charge [was the] underlying felony for a felony-murder conviction. The facts of this case fit squarely within the contemplation of *Head*, supra. There was no error.

*Cauley v. State*, 260 Ga. 324, 325 (1) (b) (393 SE2d 246) (1990). See also *Williams v. State*, 262 Ga. 422, 423 (3) (420 SE2d 301) (1992). *Judgments affirmed. All the Justices concur.*

DECIDED APRIL 19, 1993.

*M. Randall Peek*, for appellant.

*J. Tom Morgan*, District Attorney, *Robert E. Statham III*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Susan V. Boleyn*, Senior Assistant Attorney General, *C. A. Benjamin Woolf*, Assistant Attorney General, for appellee.