A94A0179. ROBERTS v. THE STATE.
(443 SE2d 4)

BIRDSONG, Presiding Judge.

Arthur Roberts IV was indicted for murder, felony murder, possession of a weapon by a convicted felon, and other counts. He was convicted of voluntary manslaughter, possession of a weapon by a convicted felon and possession of a weapon during the commission of a crime. On September 21, 1991, after an argument, the victim followed appellant in his vehicle into a lane and struck the rear of appellant's vehicle. Appellant got out of his car and fired a shot; the victim tried to drive out of the lane but found no exit and was trapped. Appellant walked over and, while the victim sat in his car and begged appellant for his life, appellant calmly shot the victim twice. Roberts enumerates two errors. *Held*:

1. Appellant contends the trial court erred by denying his motion to sever the count for felony murder from the count for possession of a weapon by a convicted felon. The count of possession of a firearm by a convicted felon was the underlying felony for the charge of felony murder. The trial court charged the jury it could consider evidence of defendant's prior conviction "solely for the purpose of determining whether the State has met its burden of proof as related to the felony murder count and the possession of a firearm by a convicted felon count. You are not to consider it for any other purpose."

In *Head v. State*, 253 Ga. 429 (322 SE2d 228), the appellant similarly complained. The Supreme Court reversed the conviction, as the evidence of guilt on the felony murder charge was not overwhelming, the prior felony (counterfeiting) was not legally material to the murder charge, and the trial court placed no limitations on the jury's consideration of that prior conviction evidence. In *Willis v. State*, 263 Ga. 70 (3) (428 SE2d 338) citing *Head*, at 432 (d), the court held that the counts need not be bifurcated if the possession of a weapon by a convicted felon is the underlying felony of the felony murder count.

See also *Cauley v. State*, 260 Ga. 324 (393 SE2d 246) and *Brown v. State*, 263 Ga. 89 (428 SE2d 78). The trial court did not err in refusing to sever the counts.

Appellant also argues that the indictment alleging a recidivist count (based on a prior conviction for theft by receiving) should have been masked, but he did not enumerate this as error and he cites no authority for the proposition. See *Cline v. State*, 199 Ga. App. 532 (1) (405 SE2d 524).

2. Appellant contends the trial court erred in allowing the State to introduce his character by allowing a witness to testify that he had met appellant in prison. This witness was called by the defense and was questioned extensively by the defense about having met the victim while they were both in prison, and as to his knowledge of the relations between appellant and the dead man. The defense thus injected the dead man's criminal history into the trial as a defense to his killing. The State, on cross-examination, then asked how the witness knew appellant. This question naturally followed on the defense's having brought the witness to testify as to the relations between appellant and the dead man, and was relevant to the witness' acquaintance with appellant as well as with the dead man. Moreover, inasmuch as two of the counts (which were properly tried together; Division 1, supra) pertained to appellant's possession of a firearm as a convicted felon, the State's cross-examination on this point, aside from being invited by the defense, did not tell the jury anything it did not already know about appellant. Furthermore, in view of the overwhelming evidence of guilt and the jury's failure to convict appellant of felony murder, it is highly probable that this evidence, even if it had been error, caused no reversible harm. See *Hamilton v. State*, 239 Ga. 72, 77 (235 SE2d 515).

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MARCH 14, 1994 —
RECONSIDERATION DENIED MARCH 28, 1994 — 

*Stephen R. Yekel*, for appellant.
*Spencer Lawton, Jr., District Attorney, John T. Garcia, Assistant District Attorney*, for appellee.

