A02A0811. TRAMMELL v. THE STATE.
(560 SE2d 312)

ELDRIDGE, Judge.

A Floyd County jury found Kenneth Lee Trammell guilty of child molestation for acts he committed against his minor daughter. Trammell was sentenced as a recidivist for a prior commission of sodomy against a child victim, as well as for three other felony offenses. He appeals, challenging the sufficiency of the evidence and alleging error in the admission of a similar transaction and the denial of a motion for mistrial based upon the introduction of improper character evidence. Upon review of the errors as enumerated, we affirm Trammell's conviction.

1. Any challenge to the sufficiency of the evidence supporting a jury's verdict of guilty must be viewed to uphold the verdict. Since a jury found Trammell guilty, this Court looks only to see if there is a factual basis from which a rational trier of fact could conclude beyond a reasonable doubt that a guilty verdict was warranted. We do not judge the credibility of the witnesses. We do not revisit conflicts in the evidence. And we will not simply substitute our opinion for that of the jury. So long as there is some competent evidence to support each element of the offense(s) as charged, the jury's verdict will be upheld.[1] In that regard, "[t]he testimony of a single witness is generally sufficient to establish a fact."[2]

Here, Trammell was charged with fondling the breasts of his

---

[1] *Bacon v. State*, 249 Ga. App. 347, 348-349 (1) (548 SE2d 78) (2001).

[2] OCGA § 24-4-8.

minor daughter. The evidence, viewed to uphold the jury's finding that Trammell did such act, showed that during the Easter holidays, when Trammell's daughter was 12 years old, he delivered an Easter basket to her. Apparently, the t-shirt that the victim was wearing at the time had been stretched out of shape, and Trammell told her that she needed to change it because "you might show something that you don't need to be showing." At that point, Trammell reached inside the victim's shirt and rubbed her breasts. The incident was witnessed by the victim's grandmother. The grandmother asked Trammell about his actions and was told, "if anybody was going to me — mess with [the victim], he felt like it should be him because he was his — her father." The grandmother told the victim's mother what had occurred, and the victim's mother contacted the police. The evidence at trial showed that the victim told a consistent version of the incident to her mother, to the police, to a professional child counselor at Harbor House, and to the district attorney's office. Further evidence showed that, prior to the incident in question, Trammell had made several sexually suggestive overtures to the victim: Trammell told his daughter that "if you ever wanted to know what a man's privates looked like that he'd show [her]"; Trammell showed his daughter a condom and explained its use; also, Trammell described to his daughter in detail his sexual activities with his girlfriend, including his use of a dildo and his participation in a "threesome." We find this evidence sufficient to demonstrate the essential elements of the offense as charged and, thus, support the jury's verdict.

Before this Court, Trammell contends the evidence was insufficient because the victim recanted her accusation eight months after the incident and, during trial, she testified that her grandmother had told her what to say. The victim testified that she repeated her charge against Trammell so many times because she "thought we could get in trouble" if she changed her story. In addition, Trammell took the stand and denied the victim's original accusation, claiming that the victim's grandmother forced the victim to accuse him of child molestation in retaliation for an earlier accusation he had made against her to the police.

We find, however, that Trammell's specific challenge to the sufficiency of the evidence goes to the credibility of the witnesses and, thus, addresses the jury's decision to reject the victim's recantation in favor of evidence showing the victim's original version of the incident; the victim's consistent recounting of such incident to several different authority figures; and the grandmother's testimony about witnessing the incident. It is the jury's prerogative to choose what evidence to believe and what to reject. "Issues regarding the credibility of witnesses are in the sole province of the jury and only the jury

may analyze what weight will be given each witness' testimony."[3] After reviewing the trial transcript, we conclude that the evidence was sufficient to authorize a rational trier of fact to find Trammell guilty beyond a reasonable doubt of child molestation.[4]

2. In 1990, a jury found Trammell guilty of sodomy in that he coerced his next-door neighbor's son, a mentally retarded 14-year-old boy, to perform oral sex on him by giving the boy a doughnut; on the incident date, the boy was at Trammell's home watching television, which he had done several times before. The trial court permitted evidence of such to go before the jury as a similar transaction demonstrating Trammell's bent of mind and course of conduct. Thereafter, in addition to testimony from the victim, a certified copy of Trammell's 1990 conviction was introduced into evidence during the State's case-in-chief. Without objection and as per stipulation, the State informed the jury that Trammell was found not guilty of aggravated child molestation and guilty of child molestation.[5] It was also stipulated to the jury that Trammell was sentenced by the trial court for such conviction, although the specific sentence was not put into evidence.

Trammell contends the trial court erred in admitting the similar transaction evidence because the prior transaction involved a male and sodomy, while the instant case involved a female and the fondling of the child's breasts. Thus, Trammell contends, the prior act lacks the requisite similarity under the third prong of *Williams v. State*.[6] We disagree.

"The sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts perpetrated upon them, is of sufficient similarity to make the evidence admissible."[7]

> The reason for this rule rests not only in the legal difficulty encountered with a child victim, . . . but because a sexual offense committed against a young child requires a special lascivious motivation or bent of mind which generally will have some probative value in determining an accused's

---

[3] (Citation and punctuation omitted.) *Murray v. State*, 271 Ga. 504, 505 (1) (521 SE2d 564) (1999).

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] The defense specifically asked that the jury also be informed that a directed verdict of not guilty was entered as to a second count of child molestation against a separate victim, which was charged in the same indictment. Contrary to allegations contained in Trammell's brief, no evidence of this second count of child molestation went before the jury.

[6] 261 Ga. 640, 641-643 (2) (409 SE2d 649) (1991).

[7] (Citations and punctuation omitted.) *Willett v. State*, 223 Ga. App. 866, 872 (3) (a) (479 SE2d 132) (1996); accord *Condra v. State*, 238 Ga. App. 174, 176 (3) (518 SE2d 186) (1999).

motivation or bent of mind in a subsequent trial for child molestation.[8]

Here, although the children were of different sexes, they were of a similar age and were very familiar with Trammell, whom they trusted, and Trammell had easy access to each, which access he misused in an opportunistic fashion. Accordingly, this evidence was admissible to demonstrate Trammell's bent of mind and course of conduct toward such children.[9]

3. We find no error in the trial court's denial of Trammell's motion for mistrial based on the inadvertent mention of the word "prison" during the playing of the tape of the victim's outcry made at Harbor House. The prosecution acknowledged the mistake and stated on the record that only the word "prison" was heard. The defense did not disagree with this characterization. The trial court gave a thorough curative instruction, admonishing the jury to consider only what was included in the typed transcription of the tape that each juror had been given, a transcript from which any mention of "prison" had been redacted. Considering that the word "prison" was heard alone and out of context; that the jury is presumed to follow the instructions of the court;[10] and that it was already known to the jury that Trammell had been convicted and sentenced for a prior sodomy offense,[11] we do not find reversible error in denying Trammell's motion for mistrial.[12]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 13, 2002.

Teddy L. Henley, for appellant.
Fred R. Simpson, Acting District Attorney, C. Stephen Cox, Assistant District Attorney, for appellee.

---

[8] (Citations and punctuation omitted.) *Swift v. State*, 229 Ga. App. 772, 775 (2) (d) (495 SE2d 109) (1997).

[9] *Tidwell v. State*, 219 Ga. App. 233, 235 (2) (a) (464 SE2d 834) (1995).

[10] *Holmes v. State*, 273 Ga. 644, 648 (5) (c) (543 SE2d 688) (2001).

[11] *Moore v. State*, 207 Ga. App. 897, 899 (2) (429 SE2d 340) (1993). See also *Roberts v. State*, 212 Ga. App. 607, 608 (2) (443 SE2d 4) (1994) (reference to prison "did not tell the jury anything it did not already know about appellant").

[12] *Albarran v. State*, 249 Ga. App. 331, 334 (4) (548 SE2d 440) (2001) ("It is axiomatic that harm as well as error must be shown to authorize a reversal by this court.") (punctuation and footnote omitted).