## S02A1050. STRONG v. THE STATE.
(569 SE2d 523)

CARLEY, Justice.

A jury found Eddie Strong guilty of felony murder while in the commission of an aggravated assault on Mark Caldwell. He then pled guilty to possession of a firearm by a convicted felon, which charge had been severed from the trial of the homicide count. The trial court sentenced Appellant to life imprisonment for murder and to a consecutive five-year term for the weapons offense. Following the trial court's denial of a motion for new trial, Strong brings this appeal.[1]

---

[1] The crimes occurred on December 1, 1999. The grand jury indicted Strong on March 28, 2000. On June 1, 2000, the jury returned the guilty verdict and Appellant entered the guilty plea. On June 15, 2000, he filed a premature notice of appeal. On June 24, 2000, the trial court entered the judgments of conviction and sentences on the verdict and guilty plea. On January 7, 2002, the trial court denied the motion for new trial. On that same day, Appellant filed a notice of appeal. The case was docketed in this Court on March 29, 2002. The appeal was submitted for decision on May 20, 2002.

1. Appellant did not deny shooting the victim, but claimed self-defense. He and Caldwell were arguing over a dice game when, according to him, the victim attacked. However, the evidence showed that Appellant escaped, retrieved a gun and shot Caldwell multiple times under circumstances which were not consistent with self-defense. Caldwell had no weapons. Afterwards, Appellant admitted that he shot Caldwell because he had "been trying me all day." When construed most strongly in support of the verdict, the evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Appellant's guilt of felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Strong urges that his trial counsel was ineffective. To prove that claim, he must show that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Quintanilla v. State*, 273 Ga. 20, 21 (3) (537 SE2d 352) (2000). At the hearing on the motion for new trial, the defense lawyer testified regarding his trial tactics and strategy. *Flanigan v. State*, 269 Ga. 160, 162 (2) (d) (496 SE2d 255) (1998). Having heard all of the testimony, the trial court found that Appellant had not rebutted the strong presumption that his attorney was effective, and we must affirm that finding unless it is clearly erroneous. *Dewberry v. State*, 271 Ga. 624, 625 (2) (523 SE2d 26) (1999).

(a) The attorney subpoenaed a defense witness to appear for the wrong trial date. Appellant contends that, had this witness testified, he would have supported the justification defense. However, Strong himself did not produce this witness or his affidavit at the hearing on the motion for new trial, and thus did not "present any probative evidence that [he] would have testified for [the defense] or that, if so, [his] testimony . . . would have been exculpatory." *Dewberry v. State*, supra at 625 (2). Without a proper proffer of the testimony, Appellant cannot show a reasonable probability that the missing witness' appearance at trial would have resulted in a different verdict. *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995). Thus, even assuming counsel's deficiency in issuing the subpoena, there was no showing of any resulting prejudice.

(b) Strong testified in his own defense, but contends that he was not properly prepared for doing so. However, he does not offer any specific reason why his preparation was inadequate or how it might have been improved. According to counsel, he advised Appellant to testify so as to explain for the jury why the shooting was an act of self-defense. Strong acknowledged that he understood that it was important for him to take the stand and offer the jurors his version of the events. He does not point out anything in his trial testimony which was harmful to his case. Under these circumstances, a court

will not second-guess the tactical decision made by a lawyer and client to offer the jury a personal account of the relevant facts. See *Hammond v. State*, 264 Ga. 879, 887 (9) (452 SE2d 745) (1995).

(c) Appellant asserts that his attorney failed to seek a plea bargain. However, the lawyer testified that, although he did not recall Strong's case specifically, it was customary for him to pursue plea negotiations on behalf of all of his clients. There is no evidence of the existence of an uncommunicated offer from the State to accept a guilty plea to a lesser offense. *Thomas v. State*, 274 Ga. 156, 164 (10) (549 SE2d 359) (2001). Thus, the fact that Strong was tried on the murder charge does not show that his counsel was ineffective.

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*Harold S. Gulliver*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anne E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.