S04A0013. ESCUTIA v. THE STATE.
(589 SE2d 66)

THOMPSON, Justice.

Sergio Pozos Escutia was convicted by a jury of the felony murder of Rogelio Guzman while in the commission of an aggravated assault, aggravated assault on Ricardo Reyes, and two counts of possession of a firearm during the commission of a felony.[1] On appeal,

---

[3] Id. (insurer showed mailing to last known address by affidavits of employees).

[1] The crimes took place on April 24, 1999. On November 10, 1999, Escutia was charged in a six-count indictment with malice murder, felony murder while in the commission of an aggravated assault, aggravated assault (two counts), and possession of a firearm during the commission of a felony (two counts). After trial held on October 29 to November 3, 2001,

Escutia challenges the admissibility of a statement he gave to police during the course of the investigation, and he claims that the evidence against him was constitutionally insufficient. Finding no error, we affirm.

Viewed in favor of the verdict, the evidence shows that Escutia and three co-defendants were members of a gang known as Sur-13, which was feuding with a rival gang called the Brownside Locos. On the day in question, Escutia and his fellow gang members met and planned a drive-by shooting directed at the Brownside Locos. In furtherance of the plot, Escutia, accompanied by his three co-defendants, drove a red Mustang automobile in search of the rival gang members. Escutia pulled alongside a car assumed to belong to a member of the Brownside Locos. A series of gunshots were fired from the Mustang into the other car, fatally striking the driver, Guzman, but missing his passenger, Reyes. The Mustang was traced to Escutia's sister, who testified that she had given him the car.

Escutia gave three conflicting statements to police, finally admitting that he was the driver of the Mustang and that one of his passengers fired the shots. Two co-defendants pled guilty to voluntary manslaughter and identified Escutia as the driver at the time of the shooting.

1. Escutia testified at a *Jackson v. Denno*[2] hearing that he gave his inculpatory statement only after an officer promised he would be released if he just told the police what they wanted to hear. On that basis, he submits that the statement was coerced and involuntary under *Miranda*.

When questioned about the circumstances of the alleged encounter, Escutia stated that the promise was made by a young, plainclothes officer while on a porch prior to the interview, and that no one else was present. Although Escutia acknowledged that it was not any of the officers involved in the investigation, he could not identify the officer by name or in any other way. The investigating officer testified that Escutia was not under arrest when he gave the statement, that he was nonetheless advised of his *Miranda* rights and appeared to understand them, and that he was not threatened, coerced, or promised anything in exchange for his statement.

In ruling on the admissibility of an in-custody state-

---

Escutia was found guilty of felony murder, one count of aggravated assault, and the two weapons possession counts. He was sentenced on November 21, 2001 to life imprisonment for felony murder, plus consecutive terms for the remaining offenses. Escutia timely filed a motion for new trial, which was amended on March 13, 2003, and denied on August 27, 2003. A timely notice of appeal was filed, the case was docketed in this Court on September 3, 2003, and was submitted for a decision on briefs on October 27, 2003.

[2] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

ment, a trial court must determine whether, based upon the totality of the circumstances, a preponderance of the evidence demonstrates that the statement was made freely and voluntarily. [Cit.] . . . Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of the defendant's statement at a *Jackson v. Denno* hearing will be upheld on appeal.

*Harvey v. State*, 274 Ga. 350, 351 (1) (554 SE2d 148) (2001). As the evidence supported the trial court's determination regarding the voluntariness of the statement, that ruling was not clearly erroneous.

2. Escutia submits that the evidence was insufficient to support his convictions because the two co-defendants who testified against him gave contradictory testimony.

During the police investigation both co-defendants told investigating officers that they were passengers in the Mustang, that the car was driven by Escutia, and that a third passenger did the shooting. They both confirmed this information during their guilty pleas. However, at Escutia's trial the two co-defendants gave contradictory testimony, at times admitting and then denying that they were in the car. All this information was put before the jury, along with Escutia's admission that he was the driver, as well as physical and circumstantial evidence establishing Escutia's role in the crime. The jury was properly charged on the principles of credibility and conflicting testimony, and that one who is a party to a crime may be charged with and convicted of the commission of the crime.

When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence. . . . "[R]esolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court." [Cit.]

*Dean v. State*, 273 Ga. 806 (546 SE2d 499) (2002).

Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Escutia guilty beyond a reasonable doubt as a party to the crimes charged. *Jackson v. Virginia*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 17, 2003.
Murder. Gwinnett Superior Court. Before Judge Winegarden.
*Michael M. Sheffield*, for appellant.
*Daniel J. Porter, District Attorney, Peter H. Boehm, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.