S06A1488. WELLS v. THE STATE.
(637 SE2d 8)

CARLEY, Justice.

After a jury trial, Charles Wells was found guilty of alternative counts of malice murder and felony murder, two separate counts which charged the underlying felonies of aggravated assault and possession of a firearm by a convicted felon, and one count of possession of a firearm during the commission of a felony. Treating the felony murder count as surplusage, the trial court entered judgments of conviction for malice murder and firearm possession during the commission of a felony, sentenced Wells to life imprisonment for

254

murder and to a consecutive five-year term for that weapons charge, and merged the remaining counts into the malice murder count. The trial court granted an out-of-time appeal and subsequently denied a motion for new trial, and Wells appeals.[*]

1. Construed most strongly in support of the verdicts, the evidence shows that, while Lamonte Deramus was looking for a certain individual, he exited his car, and Wells shot at him four times as he was returning to the vehicle. One bullet struck the victim's leg, and another entered his lower back. The latter wound caused a bacterial infection which resulted in his death.

Beverly Harper, who was in the victim's car at the time of the shooting, identified Wells as the shooter after viewing a six-person photographic lineup. Although she was not 100% certain of her identification by photograph, she did express that high level of certainty when she saw Wells in person among a crowd at a preliminary bond hearing, and when she testified at trial. Moreover, level of certainty is not the critical factor in evaluating identification testimony. *Brodes v. State*, 279 Ga. 435 (614 SE2d 766) (2005). The accuracy of Ms. Harper's eyewitness identification was a matter for the jury to determine. *Henderson v. State*, 272 Ga. 621, 622 (1) (532 SE2d 398) (2000).

The mother of Wells' three children, Shanta Turner, told police that he confessed to shooting someone and was planning to flee, although she later recanted at trial, claiming that her prior statement was given under duress. "In discharging its duty to evaluate the credibility of witnesses, however, the jury was authorized to believe [her] inculpatory pre-trial statements and to reject her exculpatory testimony at trial. [Cit.]" *Sharpe v. State*, 272 Ga. 684, 685 (1) (531 SE2d 84) (2000). See also *Walker v. State*, 264 Ga. 676, 677 (1) (b) (449 SE2d 845) (1994).

The jury was authorized to credit the State's witnesses, and was not required to believe either the alibi witnesses or the witness who testified that someone other than Wells committed the crimes. *Mickens v. State*, 277 Ga. 627, 629 (593 SE2d 350) (2004); *Bryant v. State*, 274 Ga. 798, 799 (1) (560 SE2d 23) (2002). " '(I)t was the jury's role to assess the credibility of the witnesses, resolve any conflicts in the evidence, and arrive at a determination of the facts. (Cit.)' [Cit.]"

---

[*] The crimes occurred on June 4, 1995, and the grand jury returned its indictment on January 9, 1996. The jury found Wells guilty on August 1, 1997, and the trial court entered the judgments of conviction and sentences on August 12, 1997, nunc pro tunc to August 1, 1997. The trial court granted Wells an out-of-time appeal on December 11, 1997 and, on the following day, he filed a motion for new trial. That motion was amended on February 21, 2002, April 27, 2004, and May 18, 2004, and was denied on February 8, 2005. Wells filed a notice of appeal on March 2, 2005. The case was docketed in this Court on May 9, 2006 and submitted for decision on July 3, 2006.

*DeLoach v. State*, 272 Ga. 890, 891 (1) (536 SE2d 153) (2000). When construed most strongly in favor of the verdicts, the evidence was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Wells' guilt of malice murder and of possessing a firearm during the commission of that crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Escutia v. State*, 277 Ga. 400, 402 (2) (589 SE2d 66) (2003); *DeLoach v. State*, supra.

2. Wells contends that his trial counsel rendered ineffective assistance in two instances.

> To prevail on this claim, [Wells] must show that [his] attorney's performance was deficient and that, but for that deficient representation, there is a reasonable probability that the proceeding would have ended differently. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). . . . We must accept the trial court's factual findings and credibility determinations unless they are clearly erroneous, but we apply the appropriate legal principles to the facts independently. [Cit.]

*Silvers v. State*, 278 Ga. 45, 46 (2) (597 SE2d 373) (2004).

(a) Wells urges that his trial attorneys were ineffective in that they failed to request a continuance to locate potential exculpatory witnesses. However, he did not make any proffer whatever to show that the testimony of such witnesses would have been relevant and favorable, and, thus, would have resulted in a different verdict. *Silvers v. State*, supra at 47 (2) (b); *Fairclough v. State*, 276 Ga. 602, 606 (4) (581 SE2d 3) (2003); *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995). Accordingly, even assuming counsel's deficiency in failing to request a continuance, "there was no showing of any resulting prejudice." *Strong v. State*, 275 Ga. 465, 466 (2) (a) (569 SE2d 523) (2002).

(b) Wells also contends that trial counsel provided ineffective assistance by failing to request a bifurcated trial on felony murder and on possession of a firearm by a convicted felon. Because that weapons count was a predicate offense for the felony murder count, the prior conviction which was admitted into evidence "was relevant to the felony murder count, and it was not necessary for the trial court to sever the possession count. [Cit.]" *Burgess v. State*, 278 Ga. 314, 316 (2) (602 SE2d 566) (2004). See also *Head v. State*, 253 Ga. 429, 432 (3) (d) (322 SE2d 228) (1984).

> If, under *Head*, there was no requirement that that count charging [Wells] only with possession of a firearm by a convicted felon be tried separately, it necessarily follows that

there was no requirement that the alternative count charging [him] with felony murder be tried separately.

*Willis v. State*, 263 Ga. 70, 72 (3) (428 SE2d 338) (1993). Therefore, "we conclude that trial counsel did not provide deficient performance by failing to move for bifurcation." *Burgess v. State*, supra.

*Judgments affirmed. All the Justices concur.*

HUNSTEIN, Presiding Justice, concurring.

While I concur fully in the judgment, I write in regard to Division 2 (a) (addressing Wells's claim that trial counsel were ineffective for failing to locate or call certain witnesses) to reiterate the necessity that a defendant comply with this Court's holding in *Dickens v. State*, 280 Ga. 320 (2) (627 SE2d 587) (2006), i.e., adduce either the direct testimony of the missing witness or a legally acceptable substitute for that testimony, to support the required showing of prejudice in this type of ineffectiveness claim.

DECIDED OCTOBER 16, 2006 —
RECONSIDERATION DENIED NOVEMBER 20, 2006.

*Franklin & Hubbard, Brooks S. Franklin, Sandra L. Michaels*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.