### A09A1399. JACKSON v. THE STATE.
(685 SE2d 369)

SMITH, Presiding Judge.

Andrea Deon Jackson appeals from his convictions for armed robbery, aggravated assault, theft by receiving, and possession of a firearm during the commission of a felony.[1] Jackson contends insufficient evidence supports his armed robbery, aggravated assault, and

---

[1] The jury acquitted Jackson of possessing cocaine.

possession of a firearm by a convicted felon convictions.[2]

Viewed in the light most favorable to the verdict, the record shows that a man entered a convenience store, pointed a gun at the cashier's head, and took approximately $500 to $600 from the cash register. An eyewitness, who also worked in the convenience store, testified that while he did not see the robber's face, a surveillance camera recorded the robbery. The cashier who was robbed did not testify at trial; the eyewitness testified that the cashier may have returned to his home in Pakistan.

A witness who worked at a restaurant across the street from the convenience store testified that he heard a gunshot while he was outside during a break. He turned around and saw someone run out of the store wearing a black hoodie and jump into the passenger seat of a truck. The witness called 911 and told the dispatcher what he had seen.

At the start of a shift change, patrol officers received a dispatch to look for a white truck with a gold or orange stripe that was involved in an armed robbery. A lieutenant saw a truck matching the description as soon as he exited the police department headquarters. When the truck ran through a stop sign, several officers in three patrol cars activated their blue lights and attempted to stop the truck. The truck failed to halt, and the police officers pursued it at high speeds. When the truck lost control and stopped, the lieutenant saw the passenger jump out and run in front of his patrol car. The lieutenant looked at the passenger's face and identified Jackson as the passenger in a photographic lineup and at trial.

Other officers captured the driver, Johnny Andrews, when he also tried to escape. The officers found a black handgun on the driver's side floorboard of the truck. Ballistics testing revealed that the gun matched a shell casing found near the check-out counter of the convenience store. The police were not able to lift any fingerprints from the gun. Andrews "had some matches" to fingerprints lifted from the truck. The eyewitness who called 911 identified the truck driven by Andrews as the one he saw leaving the convenience store.

The police also found several pieces of clothing, including a black baseball cap and a black hooded sweatshirt, near where the truck stopped. Andrews had $224 in his possession. When the police

---

[2] After reviewing Jackson's enumerations of error and entire supporting brief we conclude that he is contesting only his armed robbery, aggravated assault, and possession of a firearm by a convicted felon convictions. Because he makes no argument and cites no authority with regard to his conviction for theft by receiving, we will not consider the sufficiency of the evidence to support it. See Court of Appeals Rule 25 (c) (2); *Mayo v. State*, 277 Ga. App. 282, 284 (1) (b) (626 SE2d 245) (2006).

arrested Jackson the next day, they found $326 in his possession.

Based upon a previous tip from a confidential informant about a different armed robbery, the police obtained a search warrant the next day for an apartment occupied by Jackson, his brother, and Andrews. During an interview with Jackson's brother, the police learned that Jackson and Andrews had been driving around in a rental truck that they parked across the street in another apartment complex. The brother also told the police that he received a phone call from Jackson shortly after the time of the robbery, and Jackson told him "that he was running from the police and that he needed to lay low for a little bit." Jackson also told his brother "that he didn't know what had happened to [Andrews], he believed the police may have gotten him." The brother "thought they were just running because the car was probably stolen . . . I thought it was just panic because the car was reported stolen and they didn't have no license, you know."

The brother also told police that Jackson knocked on his window at 4:00 a.m., several hours after the robbery, and later told him "that the police had gotten behind him, that they had gotten [Andrews]. And that at one point when the police were behind him, [Jackson] told [his brother] that he was going to shoot at the police, but [Andrews] had grabbed the gun and ran away."

Andrews pled guilty in a separate proceeding and testified in Jackson's trial that the confidential informant, not Jackson, was the passenger in the truck who went inside the store and robbed the cashier. During cross-examination, Andrews admitted that a few days before he had claimed under oath that he did not know the name of the person who committed the robbery with him. Jackson testified and claimed that he was with his girlfriend (who did not testify) at the time of the robbery.

He contends on appeal that the evidence against him is insufficient because both he and Andrews denied that he was involved in the robbery and assault. We disagree. "The jury was authorized to credit the State's witnesses, and was not required to believe the . . . witness who testified that someone other than [Jackson] committed the crime[ ]." (Citations omitted.) *Wells v. State*, 281 Ga. 253, 254 (1) (637 SE2d 8) (2006). Jackson also asserts, mistakenly, that fingerprints were found on the gun and that these fingerprints belonged to Andrews. The record, however, shows that no fingerprints were found on the gun; Andrews' prints were found only on the stolen truck.

The State presented evidence showing that the passenger in the truck driven by Andrews robbed the store at gunpoint, that Jackson was this passenger, that the gun used in the robbery was found in the truck occupied by Jackson, that the truck occupied by Jackson was

used in the robbery, that Jackson told his brother that he and Andrews had run from the police, and that Jackson and Andrews together possessed a sum of money consistent with the amount taken in the robbery. We find this evidence sufficient to support Jackson's armed robbery, aggravated assault, and possession of a firearm by a convicted felon convictions under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED OCTOBER 7, 2009.

*David C. Butler*, for appellant.

*Patrick H. Head, District Attorney, John R. Edwards, Assistant District Attorney*, for appellee.