**FOURTH DIVISION
MCFADDEN, P. J.,
WATKINS and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**May 15, 2026**

# In the Court of Appeals of Georgia

A26A0555. LAWRENCE v. THE STATE.

McFADDEN, Presiding Judge.

After a jury trial, Kendal Lawrence was convicted of rape and other offenses. He appeals, challenging the exclusion of certain evidence and the effectiveness of his trial counsel. But he has failed to show that the exclusion of evidence was reversible error or that his counsel's performance was both deficient and prejudicial. So we affirm.

1. *Facts and procedural posture*

Viewed in the light most favorable to the verdict, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence presented at trial showed that Lawrence and the victim lived together. On the date in question, Lawrence

dragged the victim by her hair, slapped her face with his hands, choked her, threw her to the ground, beat her head on the floor, detained her with handcuffs, yanked off her pants, and forcibly inserted his penis into her vagina without her consent. A medical examination of the victim revealed injuries consistent with the reported sexual assault. When Lawrence was later arrested, police found methamphetamine on his person.

The jury found Lawrence guilty of the charged offenses of rape, false imprisonment, aggravated assault, family violence battery, and possession of methamphetamine. The trial court imposed a life sentence, with 30 years to be served in confinement and the remainder on probation. Lawrence moved for a new trial, challenging, among other things, the effectiveness of his trial counsel and the exclusion of evidence about prior sexual relations between Lawrence and the victim. After a hearing at which Lawrence's trial counsel testified, the trial court denied the motion for new trial. This appeal followed.

2. *OCGA § 24-4-412 (b) (2)*

Lawrence enumerates that the trial court erroneously excluded evidence of prior "rough sex" between him and the victim that was admissible under OCGA § 24-

4-412 (b) (2). But Lawrence failed to comply with the mandatory procedure for seeking to introduce such evidence.

Under Georgia's rape-shield statute, OCGA § 24-4-412, "evidence of a complaining witness's past sexual behavior may not be introduced by any party at a trial involving a prosecution for certain sexual crimes unless such evidence falls under [a] specific exception contained in the statute itself." *White v. State*, 305 Ga. 111, 115 (1) (823 SE2d 794) (2019). OCGA § 24-4-412 (b) (2) contains such an exception, "provid[ing] that the trial court may admit evidence of the victim's prior sexual conduct with the defendant if this evidence supports an inference that the defendant could have reasonably believed that the victim consented [to the conduct alleged in the prosecution]." *Alvarez v. State*, 378 Ga. App. 235, 243 (2) (925 SE2d 210) (2026) (punctuation omitted). Such evidence may be admitted by "following the procedure described in subsection (c) of [the rape-shield statute.]" OCGA § 24-4-412 (b). Under the procedure set forth in subsection (c), if a party intends to offer such evidence, "the party *must*: (A) File a motion that specifically describes the evidence and states the purpose for which it is to be offered; and (B) Do so at least three days before trial

unless the court, for good cause, sets a different date[.]" OCGA § 24-4-412 (c) (1) (emphasis supplied).

Lawrence has not claimed, let alone shown by the record, that he ever filed such a motion specifically describing the evidence and stating its purpose. And although it is not our role to cull the record on behalf of a party, a review of the record has not revealed that such a motion was filed. Lawrence has thus failed to show that he complied with the mandatory procedure under OCGA § 21-4-412 (c) for invoking OCGA § 24-4-412 (b) (2)'s exception to the rape-shield statute's exclusion of evidence of the victim's past sexual behavior. See *Gallegos-Munoz v. State*, 319 Ga. 803, 811 (2) (b) (906 SE2d 711) (2024) ("the focus of Georgia's rape-shield statute continues to be the exclusion of evidence concerning the past sexual behavior of the complaining witness") (citation and punctuation omitted). Indeed, as Lawrence concedes in his brief, OCGA § 24-4-412 (c) prescribes a clear procedure for admitting evidence of a complainant's prior sexual conduct and his failure to file such a motion "forfeited review[.]"

Moreover, we note that in his appellate brief, Lawrence has not described any specific evidence or anticipated testimony that was excluded, and instead has simply

made a general reference to evidence of rough sex. See *Hicks v. State*, 337 Ga. App. 567, 569 (1) (788 SE2d 502) (2016) (appellant claiming error regarding prior statements did not show reversible error where he failed to identify any such specific statements in his appellate brief); *Bearfield v. State*, 305 Ga. App. 37, 41 (2) (699 SE2d 363) (2010) (this court cannot determine the propriety of the trial court's ruling without a proffer of a definite sort of the excluded evidence or testimony). For the foregoing reasons, Lawrence has failed to show reversible error.

3. *Ineffective assistance of counsel*

Lawrence claims that his trial counsel was ineffective in failing to seek a continuance to investigate a prior allegation of sexual assault made by the victim and in failing to follow the procedure of OCGA § 24-4-412 (c) to introduce evidence of that prior allegation. To succeed on these claims, Lawrence "must show both that his counsel's performance was deficient and that such deficiency prejudiced his defense." *Huber v. State*, 319 Ga. 78, 84 (2) (901 SE2d 149) (2024). If he "fails to make a sufficient showing on either the deficiency or the prejudice prong, we need not address the other prong." Id. "To show prejudice, [Lawrence] must demonstrate that there is a reasonable probability that, but for trial counsel's [alleged] deficiency, the

5

result of the trial would have been different. The likelihood of a different result must be substantial, not just conceivable." *McNeal v. State*, 363 Ga. App. 417, 422 (4) (867 SE2d 824) (2022) (citations and punctuation omitted). Because Lawrence has failed to show that either of trial counsel's alleged deficiencies was prejudicial to his defense, his ineffective assistance claims fail.

(a) *Failure to seek continuance*

Lawrence claims that trial counsel should have sought a continuance in order to contact the person accused of the prior sexual assault and to develop evidence showing that the allegation was false. But Lawrence has not identified any such testimony or additional evidence that an investigation would have uncovered; and he likewise failed to make such a showing at the motion for new trial hearing. See *Williams v. State*, 302 Ga. 474, 483-484 (IV) (b) (807 SE2d 350) (2017) (rejecting ineffective assistance of counsel claim based on failure to seek a continuance to interview a witness where defendant failed to show what evidence further investigation would have uncovered). Indeed, at the hearing, Lawrence proffered no possible testimony or evidence that might have been discovered with a continuance; he did not question trial counsel about any such evidence; and instead, trial counsel

testified that he did not know what the response of the man accused of the prior assault would have been.

Lawrence therefore has not made "any proffer whatever to show that the testimony of such witness[] would have been relevant and favorable, and, thus, would have resulted in a [reasonable probability of a] different verdict. Accordingly, even assuming counsel's deficiency in failing to request a continuance, there was no showing of any resulting prejudice." *Wells v. State*, 281 Ga. 253, 255 (2) (a) (637 SE2d 8) (2006) (citations and punctuation omitted). See also *Walker v. State*, 288 Ga. 174, 180 (3) (b) (702 SE2d 415) (2010) (rejecting ineffective assistance claim for failure to request a continuance to investigate where appellant presented no evidence of a reasonable probability that the outcome of the proceeding would have been different if counsel had sought a continuance).

(b) *Failure to follow OCGA § 24-4-412 (c) procedure*

Lawrence contends that his trial counsel should have followed the procedure under OCGA § 24-4-412 (c) by filing a motion to seek admission of evidence of the prior sexual assault allegation. But once again, Lawrence has made no showing of precisely what evidence counsel should have sought to introduce in such a motion.

While he refers to a police report of the incident, he has not cited any specific statements or evidence in the report that would have been admissible and he has not pointed to such evidence in the appellate record. Likewise, at the motion for new trial hearing, Lawrence made no proffer of any specific parts of the report that might have been admissible, did not ask trial counsel about any specific parts of the report that he could have sought to admit in an OCGA § 24-4-412 (c) motion, and never even asked counsel to explain why he did not file such a motion regarding the report. Without a definite proffer of such evidence, Lawrence has failed to show prejudice from counsel's failure to file such a motion and instead relies on mere speculation about whether there is a reasonable probability that there exists some relevant and admissible evidence which, had counsel filed a motion, the trial court would have admitted. "[S]uch speculation is insufficient to support a claim of ineffective assistance." *Reyes-Castro v. State*, 352 Ga. App. 48, 62 (1) (b) (833 SE2d 735) (2019). See also *Lawson v. State*, 280 Ga. App. 870, 873-874 (2) (f) (635 SE2d 259) (2006) (claim of ineffective assistance for failure to discover purported evidence was based on "rank speculation"); *Dye v. State*, 266 Ga. App. 825, 827 (2) (a) (598 SE2d 95)

(2004)(speculation that raises no more than a mere possibility is legally insufficient to support a claim of ineffective assistance of counsel).

Moreover, we note that at the outset of the trial, counsel actually sought to introduce the report as evidence of a prior accusation by the victim while arguing against the state's request to exclude it under the rape-shield statute. See *Gallegos-Munoz*, supra at 812 (2) (c) ("the rape-shield statute, OCGA § 24-4-412 . . ., does not categorically bar prior-accusation evidence"). The trial court granted the state's request to exclude the report, but Lawrence has not set forth an enumeration of error regarding this ruling on appeal. Instead, Lawrence posits that counsel was ineffective because the court would have ruled differently if counsel had filed a motion under OCGA § 24-4-412 (c). But he has not shown a reasonable probability of such a different outcome, having failed at the new trial hearing to ask trial counsel what he would have argued differently to the court in such a motion. Thus, Lawrence's conclusion that the trial court likely would have made a different ruling if counsel had complied with OCGA § 24-4-412 (c) is mere speculation. See *Reyes-Castro*, supra.

(c) *Cumulative prejudice*

We also consider whether Lawrence is entitled to a new trial based on cumulative prejudice. See *Woods v. State*, 312 Ga. 405, 411 (3) (a) (862 SE2d 526) (2021) (it is the prejudice arising from counsel's errors that is constitutionally relevant, not each individual error considered in a vacuum). "Here, the cumulative prejudice from any assumed deficiencies discussed [above] is insufficient to show a reasonable probability that the results of the proceeding would have been different in the absence of the alleged deficiencies." *Bates v. State*, 313 Ga. 57, 69 (3) (867 SE2d 140) (2022).

*Judgment affirmed. Watkins and Padgett, JJ., concur.*